IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WAYNE LINKINHOKER, | : | |
| Plaintiff, | : | Case No. 2:04-CV-221 |
| v. | : | Judge Holschuh |
| CSX TRANSPORTATION, INC., | : | Magistrate Judge King |
| Defendant. | : | |
| | : | |

**MEMORANDUM OPINION & ORDER**

Plaintiff Wayne Linkinhoker filed suit against his employer, CSX Transportation, Inc. ("CSXT"), alleging age discrimination in violation of Ohio Revised Code § 4112.14. He also alleged that he was denied a promotion because of his age, in violation of Ohio's public policy. This Court's jurisdiction is based on diversity of citizenship. This matter is currently before the Court on Defendant's motion for summary judgment. (Record at 23). For the reasons stated below, the Court grants Defendant's motion.

**I.  Background and Procedural History**

Plaintiff, who was born on January 29, 1952, has been employed in the railroad industry for 35 years. (Pl. Dep. at 7-8, Ex. A to Mot. Summ. J.). He works as a lead car inspector for CSXT. In 2001, he applied for, and was accepted into a 5-week management training program called "700 Position Pool," along with three other employees, including Rick Stewart, whose date of birth is October 17, 1974. (Id. at 46-47; Lyninger Aff. ¶ 4, Ex. B to Mot. Summ. J.). CSXT uses the 700 Position Pool employees to cover vacancies in first-level management positions when those managers are temporarily absent. (Lyninger Aff. ¶ 3).

On July 31, 2001, Plaintiff wrote a letter to CSXT's Assistant Regional Mechanical Officer Larry Lyninger, complaining about co-employees Roger Alexander and Denny Boesken, and suggesting that he was more qualified for a management position than they were. (Ex. 4 to Pl. Dep.). Plaintiff also reported that after he accused Boesken of falsifying time sheets and paying certain employees for hours they did not work, several co-employees wrote Plaintiff notes calling him a "fucking narc," telling him to "mind his own business," and advising him to "keep track of your boys [sic] time not ours." (Ex. 11 to Pl. Dep.). In addition, someone taped two cartoons to his locker, and put a bottle of animal urine in his locker.

Lyninger investigated the allegations concerning the overpayment of workers and found insufficient evidence to support Plaintiff's allegations. With respect to Plaintiff's complaints about the threatening notes and the animal urine, Lyninger instructed Earl Headings, the General Foreman, to tell the employees that this behavior was inappropriate and had to stop. (Lyninger Aff. at ¶ 17).

In the Spring of 2002, CSXT posted an opening for an assistant general car foreman position. Plaintiff applied for the position, as did Rick Stewart, Denny Boesken, and Robert Hastings. (Lyninger Aff. at ¶ 18). The applicants took personality tests and cognitive ability tests, and were interviewed by Larry Lyninger, Jeff Hensley, and Terri Schray. (Id. at ¶¶ 19, 21). Rick Stewart was offered the position. (Id. at ¶ 25).

In February of 2004, Plaintiff filed suit against CSXT in the Court of Common Pleas of Logan County. In Count I, Plaintiff alleged that CSXT engaged in age discrimination in violation of Ohio Revised Code § 4112.14 when it failed to promote him to assistant general car foreman. Plaintiff also alleged that he "suffered repeated harassment on the basis of his age from

younger employees, including damage to his locker" and that after reporting the harassment to his supervisors, the supervisors failed to take reasonable steps to remedy the problem. (Compl. ¶ 5). In Count II, Plaintiff alleged that CSXT engaged in age discrimination in violation of Ohio's public policy when it denied him the promotion on account of his age. CSXT removed the action to federal court on the basis of diversity of citizenship, and later filed a motion for summary judgment.

## II.   Standard for Granting Summary Judgment

Although summary judgment should be cautiously invoked, it is an integral part of the Federal Rules, which are designed "to secure the just, speedy and inexpensive determination of every action." Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1). The standard for summary judgment is found in Federal Rule of Civil Procedure 56(c):

> [Summary judgment] . . . shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Summary judgment will be granted "only where the moving party is entitled to judgment as a matter of law, where it is quite clear what the truth is . . . [and where] no genuine issue remains for trial, . . . [for] the purpose of the rule is not to cut litigants off from their right of trial by jury if they really have issues to try." Poller v. Columbia Broadcasting Sys., 368 U.S. 464, 467 (1962) (quoting Sartor v. Arkansas Natural Gas Corp., 321 U.S. 620, 627 (1944)). See also Lansing Dairy, Inc. v. Espy, 39 F.3d 1339, 1347 (6th Cir. 1994).

Moreover, the purpose of the procedure is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried. Lashlee v. Sumner, 570 F.2d 107, 111 (6th Cir. 1978). The court's duty is to determine only whether sufficient evidence has been presented to

make the issue of fact a proper question for the jury; it does not weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986); Weaver v. Shadoan, 340 F.3d 398, 405 (6th Cir. 2003).

In a motion for summary judgment, the moving party bears the initial burden of showing that no genuine issue as to any material fact exists and that it is entitled to a judgment as a matter of law. Leary v. Daeschner, 349 F.3d 888, 897 (6th Cir. 2003). All the evidence and facts, as well as inferences to be drawn from the underlying facts, must be considered in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986); Wade v. Knoxville Util. Bd., 259 F.3d 452, 460 (6th Cir. 2001). Additionally, any "unexplained gaps" in materials submitted by the moving party, if pertinent to material issues of fact, justify denial of a motion for summary judgment. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157-60 (1970).

"[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson, 477 U.S. at 247-48 (emphasis in original). A "material" fact is one that "would have [the] effect of establishing or refuting one of [the] essential elements of a cause of action or defense asserted by the parties, and would necessarily affect [the] application of [an] appropriate principle of law to the rights and obligations of the parties." Kendall v. Hoover Co., 751 F.2d 171, 174 (6th Cir. 1984). See also Anderson, 477 U.S. at 248. An issue of material fact is "genuine" when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. See also Leary, 349 F.3d at 897.

If the moving party meets its burden, and adequate time for discovery has been provided, summary judgment is appropriate if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. Celotex, 477 U.S. at 322. The nonmoving party must demonstrate that "there is a genuine issue for trial," and "cannot rest on her pleadings." Hall v. Tollett, 128 F.3d 418, 422 (6th Cir. 1997).

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

The existence of a mere scintilla of evidence in support of the opposing party's position is insufficient; there must be evidence on which the jury could reasonably find for the opposing party. Anderson, 477 U.S. at 252. The nonmoving party must present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts." Moore v. Phillip Morris Companies, Inc., 8 F.3d 335, 340 (6th Cir. 1993). The court may, however, enter summary judgment if it concludes that a fair-minded jury could not return a verdict in favor of the nonmoving party based on the presented evidence. Anderson, 477 U.S. at 251-52; Lansing Dairy, Inc., 39 F.3d at 1347.

**III.** **Discussion**

    **A.** **Ohio Revised Code § 4112.14**

In Count I of his complaint, Plaintiff alleges that CSXT violated Ohio Revised Code § 4112.14 when it failed to promote him to assistant general car foreman, and hired Rick Stewart instead. Plaintiff also alleges that he "suffered repeated harassment on the basis of his age from younger employees, including damage to his locker" and that his supervisors failed to take reasonable steps to remedy the problem.

The relevant statute reads, "[n]o employer shall discriminate in any job opening against any applicant . . . any employee aged forty or older who is physically able to perform the duties and otherwise meets the established requirements of the job and laws pertaining to the relationship between employer and employee." Ohio Revised Code § 4112.14(A).

    **1.** **Failure to Promote**

Ohio's employment discrimination statutes are interpreted in accordance with federal anti-discrimination statutes. See Plumbers & Steamfitters Joint Apprenticeship Comm. v. Ohio Civil Rights Comm'n, 66 Ohio St. 2d 192, 196, 421 N.E.2d 128 (Ohio 1981). In an employment discrimination case, a plaintiff can withstand a motion for summary judgment either by presenting direct evidence of discrimination or, using the McDonnell Douglas framework set forth below, by presenting circumstantial evidence from which a jury may infer a discriminatory motive underlying an adverse employment action. See Kline v. Tennessee Valley Auth., 128 F.3d 337, 348 (6th Cir. 1997).

Direct evidence "is that evidence which, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions." Jacklyn v.

6

Schering-Plough Healthcare Prods. Sales Corp., 176 F.3d 921, 926 (6th Cir. 1999).  A facially discriminatory employment policy or an express statement by a decision-maker of a desire to terminate employees because they belong to a protected class would constitute direct evidence of discrimination.  See Nguyen v. City of Cleveland, 229 F.3d 559, 563 (6th Cir. 2000).

Where, as here, the plaintiff has only circumstantial evidence of a discriminatory motive, claims are analyzed under the framework set forth in McDonnell Douglas Corporation v. Green, 411 U.S. 792 (1973).  Under that framework, a plaintiff must first establish a prima facie case of discrimination.  A plaintiff alleging a failure to promote on the basis of age may establish a prima facie case by showing that: (1) he belonged to a protected class; (2) he applied for and was considered for a position for which he was qualified; (3) he was not hired; and (4) another person who was not a member of the protected class was given the position.  See Creech v. Ohio Casualty Ins. Co., 944 F. Supp. 1347, 1355 (S.D. Ohio 1996).

If the plaintiff is successful in establishing a prima facie case, an inference of discrimination arises and the burden shifts to the employer to articulate a legitimate, non-discriminatory reason for the adverse employment action.  McDonnell Douglas, 411 U.S. at 802-03.  If the employer provides a legitimate, non-discriminatory reason for the adverse action, the presumption of discrimination drops away, leaving only the issue of "discrimination *vel non*." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 142-43 (2000).  The plaintiff must then prove by a preponderance of the evidence that the reason offered was pretextual.  See Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981).  The plaintiff may prove pretext by showing that: (1) the proffered reason had no basis in fact; (2) the proffered reason did not actually motivate the adverse action; or (3) the proffered reason was insufficient to motivate

the adverse action.  See Manzer v. Diamond Shamrock Chems. Co., 29 F.3d 1078, 1084 (6th Cir. 1994); Peters v. Lincoln Elec. Co., 285 F.3d 456, 471-72 (6th Cir. 2002).  The plaintiff has the ultimate burden of persuading the trier of fact that the employer intentionally discriminated against him.  Burdine, 450 U.S. at 253.

  CSXT does not dispute that Plaintiff can establish a prima facie case of age discrimination.  Plaintiff was more than 40 years old and applied for the assistant general car foreman position, for which he was objectively qualified.  Plaintiff was not hired; instead, Rick Stewart, who was not a member of the protected class, was given the position.

  The burden therefore shifts to CSXT to articulate a legitimate, non-discriminatory reason why Stewart was selected for the position over Plaintiff.  CSXT has satisfied its burden.  CSXT asserts that Stewart was better qualified than Plaintiff because: (1) he had more computer experience, which was an important job requirement (Lyninger Aff. at ¶¶ 9, 23; Schray Aff. ¶ 6); (2) he had demonstrated a superior ability to lead, work with, and effectively direct other employees, as evidenced by his performance evaluations in the "700 Pool" program (Lyninger Aff. at ¶¶ 7-8, 26; Schray Aff. ¶ 6); and (3) he had scored much higher on the cognitive and personality tests (Lyninger Aff. at ¶ 25; Schray Aff. ¶ 4; Ex. 1 to Schray Aff.).  Furthermore, Lyninger noted that Plaintiff "seemed to have difficulty dealing with his peers and was often abrasive."  (Lyninger Aff. at ¶¶ 9, 14, 26).  Schray stated that Plaintiff "lacked the right qualities to manage and work with other employees."  (Schray Aff. at ¶ 8).  Lyninger and Schray both stated that Plaintiff's age played no part in the promotion decision.  (Lyninger Aff. at ¶ 26; Schray Aff. at ¶ 9).

Since CSXT has articulated a legitimate, non-discriminatory reason why Stewart was selected over Plaintiff for the assistant general car foreman position, the burden shifts back to Plaintiff to prove, by a preponderance of the evidence, that the stated reason was pretextual. Plaintiff does not argue that CSXT's stated reasons for promoting Stewart are false. He argues only that he "had more relevant experience" than Stewart. (Pl. Aff. ¶ 18). While the number of years of experience in a particular industry might be one factor to consider in evaluating an applicant's qualifications for a leadership role, it certainly is not the only one. Lyninger and Schray testified that Stewart scored higher than Plaintiff in every category – interview ratings, personality and cognitive testing, job-related experience, and job-related performance. Despite the fact that Stewart had not been employed in the railroad industry as long as Plaintiff had, Stewart scored higher in the category of job-related experience because he had much more experience working with computers. (Lyninger Aff. ¶¶ 20, 23-25; Schray Aff. ¶¶ 4-6). Plaintiff admitted at his deposition that Stewart had better computer skills than he did. (Pl. Dep. at 93).

Plaintiff claims that "age was one of the factors why I was not awarded the position of assistant general car foreman." (Pl. Aff. at ¶ 19). Unfortunately, he has presented absolutely no evidence to support this claim, and his subjective belief is insufficient to defeat CSXT's motion. See Mitchell v. Toledo Hosp., 964 F.2d 577, 585 (6th Cir. 1992); Hollowell v. Society Bank & Trust, 78 Ohio App. 3d 574, 581, 605 N.E. 2d 954 (Ohio Ct. App. 1992)("self-serving affidavits by the charging party that he believes he was discriminated against . . . are not enough").

Based on the evidence presented, no reasonable jury could find that CSXT's stated reasons for promoting Stewart instead of Plaintiff were pretextual. There is simply no evidence to support a finding that Plaintiff's age played any part in CSXT's decision. CSXT is therefore

9

entitled to summary judgment on this claim.

### 2. Harassment on Basis of Age

Plaintiff also seeks to recover under § 4112.14 for age-based harassment. However, as CSXT correctly notes, the plain language of this statute is limited to protecting against age discrimination which occurs in connection with a "job opening" or a "discharge without just cause." See Morris v. Kaiser Engineers, Inc., 14 Ohio St. 3d 45, 48, 471 N.E.2d 471, 474 (1984)(interpreting § 4101.17, the predecessor statute to § 4112.14). It does not protect against harassment on the basis of age. Plaintiff appears to concede this point, since he does not address the issue in his response brief. The Court finds that CSXT is entitled to summary judgment as a matter of law on Plaintiff's claim of age-based harassment brought pursuant to § 4112.14.[1]

### B. Public Policy

In Count II of Plaintiff's complaint, he alleges that CSXT discriminated against him on the basis of his age, in violation of the public policy of the State of Ohio, when it denied him the promotion to assistant general car foreman. CSXT argues that it is entitled to summary judgment on this claim for two reasons. First, while Ohio recognizes public policy claims based on wrongful discharge, Ohio does not recognize public policy claims based on an employer's failure to promote. See Evans v. Toys R Us-Ohio, Inc., 32 F. Supp. 2d 974, 990 (S.D. Ohio 1999) (interpreting Ohio law)("[a] review of relevant case law shows that the public policy tort has not been extended to claims for failure to promote or retaliation"). Second, Ohio courts have held that employees who are subject to a collective bargaining agreement, as is Plaintiff, cannot

---

[1] Furthermore, Plaintiff admitted at his deposition that none of the notes or cartoons taped to his locker referred to his age. (Pl. Dep. at 119, 125).

bring public policy claims. Such claims can only be brought by at-will employees. See <u>Haynes v. Zoological Society of Cincinnati</u>, 73 Ohio St. 3d 254, 258, 652 N.E.2d 948, 951 (1995)(holding that because an employee covered by a collective bargaining agreement was not an at-will employee, she could not bring a claim for wrongful discharge in violation of public policy).

Again, Plaintiff apparently concedes that the public policy claim is not viable, as he does not address this issue in his response brief. For the reasons set forth by CSXT, the Court finds that CSXT is entitled to summary judgment on this claim as well.

## IV. Conclusion

For the reasons set forth above, the Court **GRANTS** Defendant's motion for summary judgment (Record at 23). The Clerk is directed to enter judgment in favor of Defendant CSXT.

**IT IS SO ORDERED.**


Date: January 5, 2006                               **/s/ John D. Holschuh**
                                                    John D. Holschuh, Judge
                                                    United States District Court